UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ONKEMETSE WHITEMAN, on behalf of herself
and others similarly situated,

      Plaintiff,

v.

LEAN CULINARY CONCEPTS, LLC,
a Florida Corporation, d/b/a DELIVERLEAN,
OLGA KUZENKOV, individually, and
SCOTT HARRIS, individually,

      Defendants.
_____/

## COMPLAINT

1.    Plaintiff, ONKEMETSE WHITEMAN (hereinafter referred to as "Plaintiff"), is an individual residing in Palm Beach County, Florida.

2.    Defendant, LEAN CULINARY CONCEPTS, LLC, d/b/a DELIVERLEAN (hereinafter referred to "DELIVERLEAN"), is a Florida Limited Liability Company specializing in the preparation, cooking, and delivery of customized meals primarily to residential customers' homes through, *inter alia*, orders placed electronically and/or over the Internet via the commercial website located at https://www.deliverlean.com/, as well as over the telephone.

3.    Defendants, OLGA KUZENKOV and SCOTT HARRIS, have at all times material to this Complaint owned, managed, and/or operated DELIVERLEAN and regularly exercised the authority to hire and fire Plaintiff and other employees, determined the manner in which Plaintiff and other employees would be compensated, determined how Plaintiff's and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and

1

controlled the finances and operations of DELIVERLEAN.  By virtue of such control and authority, Defendants, OLGA KUZENKOV and SCOTT HARRIS, are employers of Plaintiff and the other similarly situated employees as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of herself and other current and former employees of DELIVERLEAN, OLGA KUZENKOV, and SCOTT HARRIS (collectively referred to as "Defendants") for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).[1]

5. More specifically, this action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated employees of Defendants.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County and Palm Beach County, within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, and 2015, DELIVERLEAN has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendants have employed two (2) or more employees who, *inter alia*:  (a) regularly handled, worked on, and sold a variety of food products—including but not limited to meats, vegetables, and baked goods—that

---

[1] Attached hereto is a signed Consent to Join from Plaintiff WHITEMAN.

2

were moved in or produced for commerce; (b) regularly handled and worked with commercial kitchen equipment—including but not limited to ovens, grills, utensils, and knives to prepare and cook the meals DELIVERLEAN sells to Defendants' customers—that were moved in or produced for commerce; (c) regularly handled and worked on commercial, microwavable containers in which DELIVERLEAN's meals are packaged, which containers were moved in or produced for commerce; and (d) regularly drove automobiles to carry out the delivery of DELIVERLEAN meals to customers, which automobiles were moved in or produced for commerce and which operated on gasoline that was moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of DELIVERLEAN has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, and 2015.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, and 2015, DELIVERLEAN has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In October 2012, Defendants hired Plaintiff on an hourly basis to perform non-exempt customer service duties at Defendants' office in Boca Raton, Florida.

12. Between approximately October 2012 and October 2013, Plaintiff's primary duties for Defendants consisted of non-exempt customer service work in answering DELIVERLEAN's phones and communicating with DELIVERLEAN customers about orders and their accounts over the telephone and via e-mail.

13. Throughout the course of the approximately one (1) year period between approximately October 2012 and October 2013, Plaintiff regularly worked in excess of Forty (40)

hours per week for Defendants in numerous work weeks. However, although Defendants initially paid Plaintiff on an hourly basis when she was hired in October 2013, Defendants subsequently changed Plaintiff's basis of compensation from hourly to salaried and salaried to hourly on multiple occasions between approximately late 2012 and October 2013. More specifically, Plaintiff alleges, subject to discovery and the complete compensation records in Defendants' possession, that: (a) after hiring Plaintiff at the rate of approximately $12.00/hour in October 2012, Defendants changed Plaintiff's basis of compensation in late 2012 from hourly to a bi-weekly salary of $1,250.00; (b) in or around March 2013, Defendants changed Plaintiff's basis of compensation from salaried to hourly at the rate of $14.00/hour; (c) in or around June 2013, Defendants again changed Plaintiff's basis of compensation from hourly to a bi-weekly salary of $1,250.00.

14.     Between approximately October 2012 and October 2013, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants in multiple work weeks without Defendants paying Plaintiff time and one-half wages for all of Plaintiff's actual overtime hours worked, with Defendants instead paying Plaintiff for a total of approximately 99.75 overtime hours during the calendar year 2013 but Defendants failing to compensate Plaintiff for all of her actual hours worked in excess of Forty (40) hours per week between approximately October 2012 and October 2013.

15.     In approximately November 2013, Plaintiff began performing non-exempt duties as a billing clerk for Defendants working primarily on a remote-basis, while Plaintiff also continued to assist Defendants with DELIVERLEAN's customer service issues. Between approximately November 2013 and late June 2015, Plaintiff primary duties for Defendants consisted of non-exempt ministerial tasks in manually processing recurring billings for

DELIVERLEAN and responding to DELIVERLEAN customer-billing inquiries.

16. Between approximately November 2013 and June 2015, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants in multiple work weeks without Defendants paying Plaintiff overtime compensation as required by the Fair Labor Standards Act for all of Plaintiff's actual overtime hours worked.  Rather, between approximately November 2013 and March 2014, Defendants paid Plaintiff a bi-weekly salary of $1,250.00 without time and one-wages for Plaintiff's actual hours worked in excess of Forty (40) hours per week for Defendants. Likewise, between approximately late March/early April 2014 and June 2015, Defendants paid Plaintiff on an hourly basis at the rate of $16.00/hour with only straight-time wages at $16.00/hour for some of Plaintiff's hours worked in excess of Forty (40) hours per week, without time and one-half wages for all of Plaintiff's actual overtime hours worked each week for Defendants.

17. Overall, Plaintiff alleges that between approximately October 2012 and October 2013, she regularly worked for Defendants Monday, Tuesday, Wednesday, Friday, and Saturday, with start times around 9:00 a.m. and stop times around 6:30 p.m. and between approximately November 2013 and June 2015, Plaintiff alleges that she regularly worked Monday, Tuesday, Wednesday, Thursday, Friday, Saturday, and Sunday for Defendants, with start times that ranged anywhere from midnight[2] to 9:30 a.m. and with stop times that varied between approximately 5:00 p.m. and 9:00 p.m., such that Plaintiff estimates her unpaid overtime wages from Defendants to total approximately $18,928.48 as follows:

> (i) an average of Seven and One-Half (7 ½) overtime hours per week at the half-time rates of $6.00/hour and $7.00/hour during a total of approximately Twenty (20) Weeks between 2012 and 2013;
> (ii) an average of Seven and One-Half (7 ½) unpaid overtime hours per week at the time and one-half rate of $23.44/hour during a total of approximately Fifteen (15) Weeks between 2012 and 2013;

---

[2] Plaintiff regularly began her work day for Defendants on Fridays as early as midnight or in order to complete DELIVERLEAN billing work for deliveries scheduled to go out on the following Monday.

    (iii) an average of Ten (10) unpaid overtime hours per week at the time and one-half rate of $23.44/hour during a total of approximately Forty-Three (43) Weeks between approximately mid-2013 and March 2014; and

    (iv) an average of Ten (10) overtime hours per week at the half-time rate of $8.00/hour during a total of approximately Sixty-Five (65) Weeks between approximately April 2014 and June 2015.

  18. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt hourly and salaried employees who have worked for Defendants in one or more weeks between October 2012 and the present performing non-exempt customer service, billing, and related duties, however variously titled, without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

  19. Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and other similarly situated non-exempt employees, however variously titled, between October 2012 and the present; and (b) failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees, however variously titled, in one or more weeks between October 2012 and the present.

  20. Defendants had knowledge of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between October 2012 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to her without the overtime compensation required by the FLSA.

21.     The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees between October 2012 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22.     Plaintiff, ONKEMETSE WHITEMAN, readopts and realleges the allegations contained in Paragraphs 1 through 21 above.

23.     Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of pay for each and every hour she worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately October 2012 and June 2015.

24.     All similarly situated current and former non-exempt hourly and salaried employees who have worked for Defendants in one or more weeks between October 2012 and the present performing non-exempt customer service, billing, and related duties, however variously titled, are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between October 2012 and the present.

25.     At all times material to this Complaint, Defendants have had actual notice and personal knowledge that their compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees with time and one-half wages for all of their actual overtime hours worked between October 2012 and the present based upon, *inter alia*: (a) DELIVERLEAN's management, including OLGA KUZENKOV, and SCOTT HARRIS, facilitating the creation, oversight, and administration of Defendants' compensation practices,

timekeeping practices, and employment policies governing Plaintiff and the other employees similarly situated to her; and (b) Defendants' failure to accurately record all of the actual hours and work performed by Plaintiff and the other similarly situated employees for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between October 2012 and the present.

26. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

27. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt employees, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

29. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ONKEMETSE WHITEMAN, and any current or former non-exempt employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, LEAN CULINARY CONCEPTS, LLC, d/b/a DELIVERLEAN, OLGA KUZENKOV, and SCOTT HARRIS, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  October 13, 2015                          Respectfully submitted,

                                                  By:   **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
2300 Glades Road, Suite 360W
Boca Raton, Florida  33431
Telephone:  (561) 299-3703
Facsimile:  (561) 288-9031

Attorney for Plaintiff