## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

1.      This Agreement covers all understandings between ONKEMETSE WHITEMAN (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and LEAN CULINARY SERVICES, LLC, d/b/a DELIVERLEAN, OLGA KUZENKOV, and SCOTT HARRIS (hereinafter referred to as "Defendants," a term which includes each and every officer, employee, agent, parent or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.      For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A.   To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants and/or any entity with which any Defendant is directly or indirectly affiliated of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 15-81407-CIV-ZLOCH, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws and ordinances, including but not limited to the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Florida Minimum Wage Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local ordinances and unpaid wage as well as discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

   B.   To facilitate the filing of a joint motion for approval and dismissal with prejudice in Case No.: 15-81407-CIV-ZLOCH (S.D. Fla.) by submitting this Agreement to the Court for review and approval pursuant to Lynn's Food Stores, Inc. v. United

1

States, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Settlement Agreement.

C. Plaintiff waives any right future employment with Defendants and agrees that she shall not apply for employment with Defendants in the future.

D. Plaintiff agrees and acknowledges that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute, ordinance, or regulation, or any violation of any rights of Plaintiff or of any duty owed by Defendants to Plaintiff. This Settlement Agreement does not make Plaintiff a prevailing party under applicable law.

E. Aside from filing this Agreement for review and approval in Case No.: 15-81407-CIV-ZLOCH, Plaintiff shall not reference or disclose the terms of this Agreement to anyone except to Plaintiff's spouse, attorneys, tax advisors, or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the terms of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena.

F. As required by the Age Discrimination in Employment Act (ADEA), as amended by the Older Workers' Benefit Protection Act (OWBPA), Plaintiff has up to Twenty-One (21) days from January 19, 2016 to accept the terms of this Agreement and Release, although Plaintiff may accept it at any time within those 21 days by signing the Agreement where indicated below. Once this Agreement has been executed, Plaintiff has an additional seven (7) days within which to revoke his acceptance if she should elect to do so. To revoke, Plaintiff must send Defendants a signed, written statement of revocation to Defendants' Counsel, Jeremy T. Elman, Esquire, E-mail: Jeremy.Elman@dlapiper.com, DLA Piper, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Tel: (305) 423-8514, Fax: (305) 503-7551. If appropriate revocation is not timely received by Defendants, this Agreement will be deemed valid, binding and effective with respect to any possible age discrimination claims under the ADEA and OWBPA as of eight (8) days from the date of Plaintiff's signature on this Agreement.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree as follows:

A. Defendants agree to pay, within ten (10) days of the Order of Approval and Dismissal in Case No. 15-81407-CIV-ZLOCH, the total sum of Thirty-Seven Thousand Dollars and No Cents ($37,000.00) to resolve any and all claims Plaintiff has or may have against Defendants in three (3) checks as follows: (i) one check made payable to ONKEMETSE WHITEMAN in the amount of $6,750.00 less

applicable tax withholdings as consideration for Plaintiff's alleged unpaid overtime wages; (ii) one check made payable to ONKEMETSE WHITEMAN in the amount of $6,750.00, from which no withholdings shall be taken, as consideration for Plaintiff's alleged liquidated damages; and (iii) one check made payable to Keith M. Stern, P.A. in the amount of $23,500.00 which includes consideration of $22,300.00 in satisfaction of all of Plaintiff's attorneys' fees and $1,200.00 for costs in Case No. 15-81407-CIV-ZLOCH. Plaintiff and Plaintiff's Counsel will provide Defendants with executed W-9 Forms.

B. Upon notification to Defendants' Counsel of a default in payment under this Agreement, Defendants shall have seven (7) calendar days following the notice of breach to cure any default (i.e., failure to pay the agreed upon amount). However, if Defendants do not cure any default in their payment obligations under this Agreement within this grace period, Plaintiff shall be entitled to file a Consent Judgment against Defendants, jointly and severally, in Case No. 15-81407-CIV-ZLOCH in the amount of $47,000.00 less any amounts previously paid by Defendants.

C. Defendants agree to pay the entire Mediation fee in connection with the Mediation held on January 19, 2016.

D. This Settlement Agreement will be filed with the Court in Case No.: 15-81407-CIV-ZLOCH for review and approval in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

E. In exchange for the consideration in this Agreement, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of the present.

F. Defendants shall not disclose the terms of this Agreement to any third parties or reference this lawsuit to any prospective employer of Plaintiff or in any communications with any third parties about Plaintiff.

4. In the event that Plaintiff or Defendants commence(s) an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of his/its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

5. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared



it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

6.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

7.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties, except if the Release in Section 2 is declared invalid.

8.  The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 1/19/16        Signature: _____
                                ONKEMETSE WHITEMAN

DATE: 1/19/16        Signature: _____
                                LEAN CULINARY SERVICES, LLC d/b/a
                                DELIVERLEAN

DATE: 1/19/16        Signature: _____
                                OLGA KUZENKOV

DATE: 1/19/16        Signature: _____
                                SCOTT HARRIS

4